UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PEDRO ARCE, | ) | |
|     Petitioner, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 05-11876-EFH |
|  | ) | |
| LUIS SPENCER, | ) | |
|     Respondent. | ) | |

**RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED**

The respondent, Luis Spencer, respectfully submits this memorandum of law in support of his motion to dismiss the petition for a writ of habeas corpus filed by the petitioner, Pedro Arce ("Arce"). The petition must be dismissed as time-barred under 28 U.S.C. § 2244(d), the statute of limitations for federal habeas corpus petitions, which is contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Arce's conviction became final on May 5, 1998. Therefore, Arce had to file his federal habeas corpus petition before the lapse of the one year statute of limitations on May 5, 1999. However, Arce did not bring this petition until September 21, 2005, more than six years after the limitations period lapsed. Moreover, the statute of limitations was not tolled at any point between May 5, 1998 and May 5, 1999. Accordingly, the petition is untimely and should be dismissed.

**PRIOR PROCEEDINGS**

On December 16, 1994, a Suffolk County jury convicted Arce of first degree murder for the killing of his wife in March, 1967. *See* Exhibit A at 6. Arce was subsequently sentenced to imprisonment for the duration of his natural life. *Id*. On December 19, 1994, Arce filed a Notice of Appeal and a motion for new trial with the Suffolk Superior Court. *Id*. On January 18, 1995

the Suffolk Superior Court denied Arce's motion for new trial (Banks, J.) and on January 24, 1995 he filed a notice of appeal. *Id.* On February 4, 1998 the Supreme Judicial Court for Massachusetts affirmed the conviction and found no basis for granting a new trial pursuant to its authority under Mass. Gen. L. ch. 278 § 33E. *Commonwealth v. Arce*, 426 Mass. 601, 690 N.E.2d 806 (1998).

On June 14, 1999, one year and one month after the conviction became final, Arce filed a motion to vacate and reimpose sentence which was denied by the Suffolk Superior Court on August 25, 1999. *Id*. at 7. On November 4, 1999 the Suffolk Superior Court denied Arce's motion to revise or revoke his sentence (Borenstein, J.).[1] *Id.* On April 4, 2000 Arce filed his second motion for new trial and, on October 11, 2002 he filed a third motion for new trial. *Id.* Arce's October 11, 2002 motion for new trial was denied by the Suffolk Superior Court on October 30, 2002. *Id.* On December 4, 2002, Arce filed a notice of appeal. *Id.*

On September 21, 2005, seven years after his conviction became final and six years after the lapse of the statute of limitations period, Arce filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the respondent hereby files this memorandum of law in support of the motion to dismiss.

---

[1] The state court docket is unclear regarding the date on which the petitioner filed his motion to revise and revoke. Nonetheless, the date the revise and revoke was filed is inconsequential because a motion to revise and revoke does not toll the statute of limitations under 28 U.S.C. § 2244(d). *See Ledoux v. Dennehy*, 327 F.Supp.2d 97 (D. Mass. 2004). Further, the state court docket is unclear as to the disposition of the petitioner's April 4, 2000 motion for a new trial. Again, the outcome is inconsequential for the purposes of this motion because the motion for new trial was filed after the lapse of the statute of limitations and therefore could not have tolled the statute.

# ARGUMENT

**A.     The Petition Must Be Dismissed as Time-Barred Under the Statute of Limitations for Federal Habeas Corpus Petitions.**

Arce's petition for a writ of habeas corpus must be dismissed under the statute of limitations enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), which became effective April 24, 1996.  That provision, which is applicable to federal habeas corpus petitions filed by state prisoners, provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
>> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

In the instant case, on February 4, 1998 the Supreme Judicial Court denied Arce's appeal

from his conviction and found no basis for granting a new trial pursuant to its authority under Mass. Gen. L. ch. 278 § 33E. *Commonwealth v. Arce*, 426 Mass. 601, 690 N.E.2d 806 (1998). Allowing ninety (90) days in which the petitioner could file a petition for a writ of certiorari with the United States Supreme Court, Arce's conviction became final on May 5, 1998. *See* 28 U.S.C. § 2244(d)(1)(A). Arce had until May 5, 1999 to bring a habeas action in federal court. This federal habeas petition was not filed until September 21, 2005, seven years after his conviction became final and six years after the lapse of the limitation period. Therefore, this petition is time-barred and must be dismissed. *See* 28 U.S.C. § 2244(d); *see also Lattimore v. Dubois*, 311 F.3d 46, 53-54 (1st Cir. 2002)(holding that a petition filed even one day late for the statute of limitations deadline must be dismissed as untimely).

**B.   The Tolling Provision Set Forth in 28 U.S.C. § 2244(d)(2) Does Not Apply Where Arce Failed to Initiate State-Court Proceedings Before May 5, 1999.**

Furthermore, Arce is not entitled to rely on the tolling provision set forth in 28 U.S.C. § 2244(d)(2) where he failed to initiate further state-court proceedings before May 5, 1999. That section tolls the statute of limitations "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." *Id*. Arce did not initiate any further state court proceedings until June 14, 1999. *See* Exhibit A at 7. Furthermore, it was not until April 4, 2000 that Arce filed a motion for new trial which was capable of tolling the statute of limitations. *Id*. Those motions were succeeded by numerous other motions and appeals. *Id*. Since all of those events occurred after the one year statute of limitations elapsed on May 5, 1999, they have no impact on the timeliness of Arce's petition. *See, e.g., Demars v. General Dynamics Corp.*, 779 F.2d 95, 98 n.2 (1st Cir. 1985) (no

tolling where events occurred outside limitations period).  Consequently, the statute of limitations was not tolled and Arce's petition is untimely.

## CONCLUSION

For the reasons set forth above, the respondent respectfully requests that this Court dismiss this habeas petition on the grounds that it is time-barred.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

 /s/ Jonathan Ofilos
Jonathan Ofilos ( BBO #  658091)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2634

Dated: November 21, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner, Pedro Arce, on November 21, 2005, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows: Pedro Arce, *pro se*, M.C.I. Norfolk, 2 Clark Street, Norfolk, Massachusetts 02056.

 /s/ Jonathan Ofilos
Jonathan Ofilos
Assistant Attorney General