UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PEDRO ARCE,

Petitioner,

v.

LUIS SPENCER,

Respondent.

Civil Action No. 05-11876-EFH

**PETITIONER'S TRAVERSE TO RESPONDENT'S ANSWER TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED**

Now comes the Petitioner, Pedro Arce, pro se in the above entitled Habeas Corpus action and assert in response to Respondent's answer to Dismiss Petition for Writ of Habeas Corpus as Time-Barred.

The Respondent's claim that Petitioner is precluded from receiving Federal Habeas Corpus Relief where the Petitioner's Conviction became final in 1998, and further state that Petitioner was required to file his petition within a one-year grace period that expired on May 5, 1999. As such, to dismiss petition as being filed untimely.

The Respondent's answer, via motion to dismiss, pursuant to Rule 5 as being time-barred under 28 U.S.C.§ 2244(d) 1/

---

1/ The Petitioner's exhibits will be cited as Pet. Ex. at 1-respectfully. The Respondent's exhibits used in its motion to dismissed as time barred that stands in exhibits already before this court, will be cited as R. Ex. at page 1-respectfully.

which is the statute of limitations for federal habeas corpus petition, that is contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") of the Rules governing Section 2254 Cases, is fatally flawed.

(In the interest of brevity, petitioner accepts the Respondents Prior Proceedings Account In Respondent's Motion & Memorandum of Law in Support as factual and will only address the facts relevant to the two issues raised for this Courts Review to show "Cause" and "Prejudice" for excusing the Exhaustion Requirement.)

The Respondent's state in their Memorandum of Law in Support of Motion to Dismiss, that the petitioner is Time Barred and petitioner's (Pedro Arce) Conviction became final on May 5, 1998, therefore, Petitioner had to file his federal habeas corpus petition before the lapse of the one year statute of limitations. However the respondents state that petitioner did not bring this petition now before this court for its considerations until September 21, 2005, more than six years after the limitations periods lapsed. "Moreover, the statute of limitations was not tolled at any point between May 5,

1998 and May 5, 1999...". This assertion is factually misleading. The petitioner filed a pro se motion raising issues of ineffective assistance of counsel, and that the defendant was denied effective assistance of trial and appellate counsel for allowing the prosecution to violate the principal agreement contract (i.e. deal that was in place, for petitioner's plea he would only be convicted of manslaughter) which would be more consonant with justice. It was error for counsel to pursue a defense that was in direct conflict of the deal that was in place. By said actions deprived the defendant of his state and federal constitutional rights to due process. Trial and Appellate counsel failed to bring to the Trial and Supreme Judicial Court's attention, and that the petitioner accepted said deal. (Pet. Ex. 1) Although the petitioner's Direct Appeal was denied, the Court never had the opportunity to address the petitioner's sole issue which was the plea agreement offered to the petitioner, who repeatedly stated that he wanted said deal by first acknowledging his culpability in killing his wife, which was the main predicate before the plea agreement would/could be honored. Even though the prosecution signed said plea agreement demonstrating their acceptance of the deal.

(Pet. Ex. titled 2) The respondent's correctly state that in their Motion and Memorandum in Support To Dismiss that the docket entries reflects that the Supreme Judicial Court rendered its Rescript on March 14, 1998. Petitioner's attorney knowingly filed on June 14, 1999 a belated Revise and Revoke Motion which was denied on August 25, 1999, even though a Revise and Revoke motion must be filed within sixty (60) days. As a license practitioner my Attorney should have known that this was not the appropriate vehicle to challenge any un-exhausted claims. Instead of my Attorney filing for Post Conviction Rule 30(A)(B) Relief in the state courts on the un-exhausted claim which is the real and only claim, opted instead used the wrong procedure and by so doing violated the petitioner's constitutional due process rights. In order not to file a mixed petition as cautioned in Rose v. Lundy, 455 U.S. 509, 518-19 (1982); 28 U.S.C. §2254(b). filed on October 9, 2002, into the same Suffolk Superior Court, one Motion for New Trial pursuant to Mass. R.Crim.P. 30(B). And on October 28, 2002, said motion was denied stating "That the defendant already raised these issues, and that these issues were ruled on previously. The Court stated that there was no basis to reconsider any of the issues

so presented."

The defendant's Attorney intentionally raise the issues herein via a Rule 29 Motion. The Court knew or should have known that Rule 29 Revised or Revoke is not the appropriate vehicle to challenge ones conviction especially Murder in the First Degree but, nor does an appeal lay from said denial.

The petitioner's attorney's Belated Revise and Revoke was filed thirteen months after the Federal Tolling Period. Said motion for new trial was forwarded to the Committee for Public Counsel Service (hereafter "CPCS") for screening, it was not until two years later that they rendered their opinion. It was this screening process that took up two years to review, and is part of the unexplained time periods, from May 5, 1999, to September 21, 2005. (Resp. Ex. at Pp. 7 of 8) Although petitioner explained to the CPCS Attorney what my previous attorney at that time, (John C. McBride, Esq.) had done, he informed me that this was how the deal for the prosecution is to be honored.

> "In any event, contrary to what the respondent's alleged the Petitioner, Pedro Arce's did try his best to bring to the State's Court attention of the un-exhausted claim (i.e. the deal that was not

honored and was kept from the Court) thus placing Pedro Arce within the 'Cause and Prejudice' exception."

The petitioner's motion for new trial was brought to the Court (Borenstein, J. presiding) who was also the same judge who denied his attorney's belated Revise and Revoke Motion on June 4, 1999, and denied on August 25, 1999. (Res. Ex. at pg. 7) And denying his New Trial Motion to Correct this un-exhausted claim by his attorney's filings, thus waiving the petitioner's constitutional rights to due process, under the guise of his deficient pleadings. On October 30, 2002, Judge Borenstein also denied petitioner's Motion for New Trial which explained what petitioner's former attorney did, to the detriment of the petitioner, be it intentionally or inadvertently. Denied 10/30/02 (Pet. Ex. at 3) On December 04, 2002 petitioner filed an Appeal in the Supreme Judicial Court for Suffolk County (Single Justice). On April 22, 2003, petitioner received from the Supreme Judicial Court, Clerk' Office a notice that it would cost me $260.00 for filing of my motion or that petitioner could motion the court to proceed in forma pauperis (indigency). The petitioner's had the Institutional treasurer to take from petitioner's

savings account $260.00 for filing fee. (Pet. Ex. 4) On June 4, 2004, after the passing of more than a year, the petitioner's entry fee was returned back to him. (Pet. Ex. 5)

> "There are all issues the defendant has already raised, or could/should have raised before, and which has been ruled on previously. There is no basis to reconsider any of these issues..."

But the issues referred to by the Court *supra*, was done in a revise and revoke and not in any Rule 30 Motions which would of stopped the tolling period. (Pet.Ex. as 6).

On December of 2002, the petitioner appealed this denial to the Gate Keeper (Single Justice) pursuant to M.G.L. c. G.L. c. 278, sec. 33E and on April 22, 2003, the petitioner received a copy of the Receipt informing the petitioner that his money was returned back to the petitioner from the Institutional Treasurer reflecting my Institutional Account and that they are receipt of the return of petitioner's $260.00 (Pet. Ex. 6) on July 10, 2003 the petitioner received from the Supreme Judicial Court Clerk (Maura S. Doyle) informing the petitioner that the court has relocated. (Pet. Ex. 7) This exhibit demonstrates that not only did they have the petitioner's Appeal, but that they moved. From the

time periods of petitioner Notice of Appeal (12/04/2002) to present the petitioner has heard nothing on his appeal. So on March 27, 2005, petitioner filed into the Supreme Judicial Court a Petitioner for Extraordinary Powers under M.G.L.A. c. 211, §§-3, 4A Complaining about the non action of his Appeal from the unexhausted claim. To this day, petitioner has not received any acknowledgement from this action. (Pet. Ex. 8)

CONCLUSION

For the reasons set forth above, and herein, the petitioner respectfully request that this Honorable Court allow the petition to be entered reaching the merits of the claims.

Respectfully submitted,

/s/ Pedro Arce, pro se
MCI-Noroflk, P.O.B. 43
Norfolk, MA 02056

CERTIFICATE OF SERVICE

I, Pedro Arce certify that a true copy of the within documents was served upon the respondent, Jonathan Ofilos, Asst. Atty. Gen. by mailing the same via U.S. Mail Postage Pre-paid to him in the following manner, depositing said copy in the Institutional Mail-Box this December 1, 2005 to his last known address: Jonathan Ofilos, Asst. Atty. Gen., One Ashburton Place, (Criminal Bureau) Boston, Massachusetts 02108.

/s/ Pedro Arce

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PEDRO ARCE,

Petitioner,

v.

LUIS SPENCER,

Respondent.

Civil Action No. 05-11876-EFH

**PETITIONER'S MEMORANDUM IN SUPPORT OF HIS ANSWERING TO RESPONDENTS MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED.**

Any case still pending on their dockets for a long periods of time, is not on the petitioner. Pursuant to 28 U.S.C. § 2254(b)(c), exhaustion doctrine will not be applied in petition for writ of habeas corpus were state systems inordinately and unjustifiable delay of review of petitioner's claims 28 U.S.CA. § 2254. Wells v. Marshall, 885 F.Supp. 314 (D.Mass. 1995); Allen v. Attorney General of Maine, 80 F.3d 569, 573 (1st Cir. 1996); where the state provides no means of seeking the relief sought, Wallace v. Cody, 951 F.2d 1170, 1172 (10th Cir. 1991), David v. Lockhart, 980 F.2d 470, 475 (8th Cir. 1992). Although these requirements deal with exhaustion and its underlying principles form a threshold test to federal claims for habeas relief, they are designed as an "accommodation" rather than an

"insuperable barrier". Wilwording v. Swenson, 404 U.S. 249, 250 (1971). Marino v. Ragen, 332 U.S. 561, 564 (1947)(Rutledge, J., concurring).

> If an appropriate remedy does not exist or its utilization is frustrated by state system...[t]he deference accorded the state judicial process must give way to the primary role of the federal courts to redress constitutional deprivations... . If it appears that the prisoner's rights have become an "empty shell" or that the state process is a "procedural morass" offering no hope or relief, then the federal courts may excuse the prisoner from exhausting state remedies and may directly consider the prisoner's constitutional claims.

Hankins v. Fulcomer, 941 F.2d 246, 249-250 (3rd Cir. 1991), quoting Frank v. Mangum, 237 U.S. 309, 346 (1915)(Holmes, J., dissenting) and Marino, 332 U.S. at 564. "[F]utility" is also established where "exhaustion is not possible because the state could refuse on procedural grounds to hear the merits of the claims." (R. Ex. 3, at ¶-4) Lines v. Larkins, 208 F.3d 153, 162-163 (3rd Cir. 1996). An exception is made to the exhaustion requirement only if no opportunity to obtain redress in the state court or where the state corrective process is so deficient as to render any effort to obtain relief futile. Duckworth v. Sarrano, 454 U.S. 1, 3 (1981)(per curiam).

In Brown v. Allen, 344 U.S. 443 (1953), the Supreme Court so states first in their discussing the petitioner's failure to appeal ("or course, federal

habeas corpus is allowed where time has expired without appeal because of lack of counsel, incapacity, <u>or some interference bu officials</u>." <u>Id</u>. at 485-86 (emphasis added)). The Supreme Court also suggested that "some interference by officials" which made "compliance impractical" would constitute cause, under the cause and prejudice standard to excuse procedural default. <u>Murray v. Carrier</u>, 477 U.S. 478 (1986), citing <u>Brown</u>, 344 U.S. at 486.

This is just the case where the petitioner's appeal was abridged by state court officials, entrusted to uphold the law of the Constitution. Contrast, <u>Litchfield v. Tinsley</u>, 281 F.2d 486, 488 (10th Cir. 1960). "[T]he state's procedures for relief must be employed in order to avoid the use of federal habeas corpus as a matter of procedural routine to review state criminal rulings." <u>Brown</u>, 344 U.S. at 487. This is itself is sufficiently enough to show the petitioner never had a fair chance to be heard on appeal, in his own defense, making it futile of bringing any other claims to the state court, if the claims weren't going to be heard or ruled upon, in its first instance. See <u>Commonwealth v. Swenson</u>, 368 Mass. 268, 279-280 (1975) ("specific circumstances...such as deliberately

blocking appellate rights...may rise to the level of constitutional error" as an infringement of due process, or possible, equal protection).

Presently, the respondent believe whole heartedly that the petitioner should jump through a loop that was never open to him in the first place, and thus create a legal maze making it impossible to reach the court or make it hear the petitioner's claims in total, then in the same breath say the petitioner did not appeal.

Demonstrating that the state court had no intention on properly ruling on petitioner's claim. Again, futility must be presumed from such a ruling making the state court corrective process ineffective. Again, in addition "the exhaustion doctrine does not require that the state court have actually ruled on the merits of the claims, but merely that they have those contentions presented to them." Estsminger v. Iowa, 386 U.S. 748, 752 (1967), quoting Lane v. Brown, 372 U.S. 477, 485 (1963). Geisler v. Walters, 510 F.2d 887, 892 (3rd Cir. 1975). Even more so here, "by such action 'all hope of any [adequate and effective] appeal at all; was taken from the petitioner." Estsminger v. Iowa, 386 U.S. 748, 752 (1967), quoting Lane v. Brown, 372 U.S. 477, 485 (1963). Any way stated, the petitioner was denied equal protection of the law based on the denial of his

right to the denial of the petitioner's motion to grant him a New Trial based upon his attorney's failure to present his claims with the proper procedures.

Claims under the Sixth Amendment, a petitioner must show that: (1) his attorney's performance was unreasonable under prevailing professional standards, Strickland v. Washington, 466 U.S. 668, 687, 091 (1984) Commonwealth v. Saferian, 366 Mass. 89,96 (1974) and Commonwealth v. Adams, 374 Mass. 722, 728 (1978); and (2) that there is a "reasonable probability that but for counsel's unprofessional errors, the result would have been different." Id. 466 U.S. 694. Strickland defines a reasonable probability as "a probability sufficient to undermine confidence in the outcome."Id.

Here, the petitioner contends that his attorney failed to convey the true issue to the Court's relative to his principle agreement contract. Nor did the Appeals Court address this issue other than trying to trivialize the issues by not dealing with the petitioner's Appeal which has been sitting on the SJC's Court's since December 12, 2002. It must also be judicially noted that at the time of the petitioner's first motion for New Trial or dismiss indictments was not only timely but said motions were govern by M.G.L. Chapter 278, §

33A-33H. This Court has jurisdiction to review this case under the miscarriage of justice standard. The Court had already established, in Murray v. Carrier, 477 U.S. 478 (1986), that counsel's ineffective assistance can constitute "cause" for a procedural default in state court, Murray also said that ineffectiveness claim must be raised first in state court. The U.S. Court of Appeals for the Sixth Circuit decided that the prisoner did not have to satisfy the "cause and prejudice" rules with respect to the procedural default of counsel-ineffectiveness claim. The appeals court concluded that it was enough that the prisoner had presented his claim to the state courts and that he had exhausted available state remedies, 163 F.3d 938 (1998).

**Comity Concerns.** In an opinion by Scalia, the Supreme Court majority made clear that the "cause-and-prejudice" standard applies to procedurally defaulted counsel-ineffectiveness claims.

**Deficient Performance of Counsel.**

Here, Petitioner states the Appeal which he filed and was docketed December 4, 2002 from the denial of Superior Court denying the petitioner's motion for new trial, and refusing to reach or discussing the merits of the petitioner's claim constitutes violation of the

petitioner's 14th Amendment to Due Process.

The proposition that under the Sixth Amendment, counsel is dutibound to convey all claims to the court and especially if a deal was offered, even though it was not honored, is not a novel one. Several State and Federal Courts of Appeals have held that counsel's failure to convey a decision or plea offer constitutes ineffective assistance of counsel. Those Courts include: the First, Second, Third, Fifth, Sixth, Seventh and Ninth Circuits. See, United States v. Rodriguez, 929 F.2d 747, 752 (CA1 1991) (failure to pass along a plea offer is presumptively deficient performance under Strickland) Berthoff v. United States, 201 F.3d 426, 1999 WL-1295839 [unplublished opinion] (CA1 1996), clarified with respect to another issue and reaff'd on reg'g 90 F.3d 36 (CA2 1996); Cullen v. United States, 194 F.3d 401, 404 (A2 1999); United States ex. rel. Caruso v. Zelinsky, 689 F.2d 435 (CA3 1982); Beckham v. Wainwright, 639 F.2d 262 (CA5 1981); Turner v. Tennessee, 858 F.2d 1201 (CA6 1988), vacated on other grounds, 492 U.S. 902 (1989), reinstated, 726 F.Supp. 113 (M.D. Tenn. 1989), Aff'd, 940 F.2d 1000 (CA6 1991), cert.denied., 502 U.S. 1050 (1992); Johnson v. Duckworth, 793 F.3d 898 (CA7) 1986). Cert. denied, 479

937 (1986); and United States v. Blayock, 20 F.3d 1458 (CA9 1994). See, also Boehmer v. United States, 414 F. Supp. 766, 772 (E.D. Penn. 1976).

In the case sub judice, the apparent facts of the petitioner's case was never presented to the Supreme Judicial Court due to counsels ineffectiveness and the Motion Judge findings and recommendations was spelled out in its denial of Petitioner's Post Conviction Relief.

Neither of the court appointed attorney's informed the Court of the plea developments to give the petitioner a genuine opportunity to file the appropriate pleadings consistent with the real facts of the case, constitutes ineffective assistance of counsel, and satisfies the cause and prejudice prong of Miscarriage of justice standard.

**Prejudice**

Under the second part the Strickland test which was also adopted by the State in Saferian supra. Pedro Arce must show that there was "a reasonable probability that, for counsel's unprofessional errors, the result of the proceedings would have been different." 466 U.S. at 694. That is, there was a reasonability that

Pedro Arce did accept the principle agreement contract and its recommendation alluded to in their contract the outcome would have most surely been different.

In United States v. Morrison, 449 U.S. 361, 364 (1981), the Supreme Court pointed out that the remedy for a violation of the Sixth Amendment right to the effective assistance of counsel "should be tailored to the injury suffered." Had court appointed counsel done his job in this case, by informing the Court of the principal contract that was in place but not honored the petitioner would have only served 8 years and not a natural life death sentence to a man now in his eighties. (Pet. Ex. 1)

**CONCLUSION**

For the reasons stated herein, the petitioner ask that this Court to not dismiss petitioner application for writ of habeas corpus as being time barred.

Respectfully submitted,

Pedro Arce

Pedro Arce, pro se
M.C.I.-Norfolk
Post Office Box 43
Norfolk, MA 02056

CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2005 caused a copy of the within Traverse to Respondent's Motion to Dismiss to be served by first-class mail. postage prepaid, upon the attorney for the Commonwealth, Jonathan Ofilos BBO#658091 Assistant Attorney General, Criminal Bureau, One Ashburton place, Boston, MA 02108.

Pedro Ace

Pedro Arce, pro se

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.